FILED

2011 MAY -9 PM 2: 56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____alf_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE GRAHAM and JOYCE LAMPKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OVERLAND SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 500, inclusive,<br><br>Defendant. | Case No. 10-CV-672 BEN (BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION**<br><br>[Docket No. 23] |

Plaintiffs' Motion for Rule 23 Class Certification ("Motion") came on for regular hearing on March 23, 2011. Having considered the Motion, the submissions and argument of counsel, and all other papers in this action, the Court hereby **DENIES** the Motion. Plaintiffs' motion for conditional collective action certification and notice under 29 U.S.C. § 216(b) is addressed in a separate court order filed concurrently herewith.

## BACKGROUND

This action arises from Plaintiffs' former employment as field auditors for Defendant. (FAC, ¶¶ 5, 11, 13.) Field auditors are non-exempt (i.e., hourly) employees who travel from site to site to audit policy premiums for Defendant's insurance-company clients. (P. & A., 1.) There are 1307 field auditors nationwide and 240 in California. (*Id.*, 3.) Plaintiffs allege that Defendant

1  did not, and does not, pay for billable hours that cannot be charged to a client and that this policy
2  was never disclosed when the auditors were hired. (*Id.*, 5-10.) Plaintiffs further allege that
3  Defendant uniformly underpaid, and continues to underpay, its field auditors by routinely cutting
4  reported billable hours and also pressuring auditors to under-report their hours. (*Id.*) Auditors are
5  often not aware of the reductions until they receive their paychecks. (*Id.*) Several declarations also
6  state that reporting high billable hours subjected time cards to excessive review and caused delays
7  in paychecks. (*Id.*) Plaintiffs contend that these employment practices constitute a breach of
8  contract and violate federal and California labor laws.

9  Plaintiffs initiated this action in California Superior Court. On March 29, 2010, Defendant
10 removed the action to this Court. On November 30, 2010, Plaintiffs filed the Motion currently
11 before the Court. (Docket No. 23.) The Motion seeks to certify a nationwide class of field
12 auditors under Federal Rule of Civil Procedure 23, or in the alternative, a statewide class of field
13 auditors for the same claims plus additional claims that arise purely under California law.
14 Plaintiffs also filed a motion for conditional collective action and certification and notice, pursuant
15 to 29 U.S.C. § 216(b). (Docket No. 24.) The Court addresses that motion in a separate order filed
16 concurrently herewith.

17 The Motion seeks certification of the following nationwide classes: (1) field auditors who
18 were not paid for all of the billable hours they submitted, in contravention of their employment
19 agreement; (2) field auditors who were pressured to under-report their billable hours; (3) field
20 auditors who were pressured to under-report their total (i.e., billable and non-billable) hours; and
21 (4) field auditors who did not receive the correct amount of overtime pay because not all of their
22 billable hours were included in the calculation.

23 In the alternative, the Motion seeks certification of the above classes (1)-(4) on a statewide
24 basis, in addition to certification of the following statewide classes: (5) field auditors who did not
25 receive minimum wage for non-billable hours worked; (6) field auditors who did not receive the
26 correct amount of overtime pay because not all of their non-billable hours were included in the
27 calculation; (7) field auditors who were not paid for excess commute time; (8) field auditors whose
28 paychecks were delayed because their hours required managerial review; (9) field auditors who

received out-of-state checks without an in-state clearing bank; (10) field auditors who did not receive accurately itemized wage statements; (11) field auditors who did not timely receive their paychecks at termination; (12) field auditors who are entitled to California underpayment penalties; and (13) field auditors bringing wage claims under the California Unfair Competition Law.

On February 7, 2011, Defendant filed an opposition to the Motion. (Docket No. 47.) Plaintiffs filed a reply. (Docket No. 59.)

For the reasons set forth below, the Motion is DENIED.

## DISCUSSION

To obtain class certification, Plaintiffs must satisfy the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23.

### I. RULE 23(a)

A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). The four requirements of Rule 23(a) are generally known as numerosity, commonality, typicality, and adequacy of representation. The elements at issue here are typicality and adequacy of representation. With respect to proposed California Class 9, numerosity is also an issue. Defendant does not challenge the other elements of Rule 23(a).

The typicality requirement states "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Ninth Circuit construes the typicality requirement permissively and requires only that the representative's claims be "reasonably co-extensive with those of absent class members." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). The claims of the putative class members need not be substantially identical to those of the putative members. *Id.* However, if unique defenses exist that threaten to divert the focus of the litigation to the detriment of the class as a whole, the typicality requirement is not satisfied. *Rodriguez*, 591 F.3d at 1124; *see also J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative.").

Similarly, the adequacy requirement requires Plaintiffs to show they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The same concerns that bar a finding of typicality weigh on the Court's adequacy analysis, including the existence of unique defenses. *Cohn*, 628 F.2d at 999.

Defendant contends its unclean hands defense is unique to Plaintiffs Graham and Lampkin and, therefore, typicality fails. Defendant submits evidence supporting this defense, including evidence showing that Graham and Lampkin worked for Defendant's competitors at the same time they worked for Defendant, oftentimes performing the same audits at the same time for each company. (Lampkin Depo., 36:23-37:13, 228:6-12, 230:10; Graham Depo., 36:1-37:6, 55:15-17, 56:1-9, 60:1-10.) Defendant contends that Graham and Lampkin improperly used confidential and proprietary information from Defendant while conducting these audits and improperly charged Defendant for mileage and other business expenses while working for those competitors. Defendant's unclean hands defense goes directly to the heart of Graham and Lampkin's claim that they were not paid all that they were owed. Graham and Lampkin do not dispute the overlap in their employment for Defendant with their employment for Defendant's competitors. Graham and Lampkin also have not shown that these circumstances are common among the putative class members. Accordingly, there is a risk that the litigation between Graham, Lampkin and Defendant will diverge from the classwide claims. Rule 23 is designed to protect the due process rights of the absent class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)). Certification here would not serve that policy. As Graham and Lampkin's claims are not typical of the class nor would Graham and Lampkin adequately protect the interests of the class, certification is DENIED.

The Court does not consider Defendant's argument regarding unique counterclaims, as that issue is moot. The Court notes, however, it is doubtful that such potential counterclaims could bar certification, as there are no counterclaims actually pending in this action. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 805 (9th Cir. 2010).

///

## II. RULE 23(b)

The Court does not address Plaintiff's Rule 23(b) argument, as that issue is moot in light of the Court's finding that Rule 23(a) is not satisfied. *Amchem Prod. v. Windsor*, 521 U.S. 591, 613-14 (1997) (noting that Rule 23(a) sets forth the threshold requirements for certification); *In re Mego Fin. Corp. Securities Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (same).

## EVIDENTIARY OBJECTIONS

Both parties filed evidentiary objections to the declarations and other evidence submitted in support of and in opposition to the Motion. To the extent not inconsistent with the above, the Court overrules those objections.

## CONCLUSION

For the reasons set forth above, Plaintiff's Rule 23 motion for class certification is DENIED.

**IT IS SO ORDERED.**

Date: May 9, 2011

Hon. Roger T. Benitez
United States District Court Judge