

FILED

2011 MAY -9  PH 2: 50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUT

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE GRAHAM and JOYCE LAMPKIN, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br>    vs.<br><br>OVERLAND SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 500, inclusive,<br><br>                                    Defendant. | Case No. 10-CV-672 BEN (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND NOTICE PURSUANT TO 29 U.S.C. §216(b)**<br><br>[Docket No. 24] |

Plaintiffs' Motion for Conditional Collective Action Certification and Notice Pursuant to 29 U.S.C. § 216(b) ("Motion") came on for regular hearing on March 23, 2011. Having considered the Motion, the submissions and argument of counsel, and all other papers in this action, the Court hereby **GRANTS** the Motion. Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23 is addressed in a separate court order filed concurrently herewith.

## BACKGROUND

This action arises from Plaintiffs' former employment as field auditors for Defendant. (FAC, ¶¶ 5, 11, 13.) Field auditors are non-exempt (i.e., hourly) employees who travel from site to site to audit policy premiums for Defendant's insurance-company clients. (P. & A., 3.) There are

1   1307 field auditors nationwide and 240 in California. (*Id.*) Plaintiffs allege that Defendant did

2   not, and does not, pay for billable hours that cannot be charged to a client, but that this policy was

3   never disclosed when the employees were hired. (*Id.*, 4-7.) Plaintiffs further allege that Defendant

4   uniformly underpaid, and continues to underpay, its field auditors by routinely cutting reported

5   billable hours and also pressuring auditors to under-report their hours. (*Id.*) Auditors are often not

6   aware of the reductions until they receive their paychecks. (*Id.*) Several declarations also state that

7   reporting high billable hours subjects time cards to excessive review and causes delays in

8   paychecks. (*Id.*) Plaintiffs allege that these employment practices constitute a breach of contract

9   and violate federal and California labor laws.

10         Plaintiffs initiated this action in California Superior Court. On March 29, 2010, Defendant

11  removed the action to this Court. On November 30, 2010, Plaintiffs filed the Motion currently

12  before the Court. (Docket No. 24.) The Motion seeks a conditional certification of a collective

13  action for all field auditors employed by Defendant at any time between February 16, 2007 and the

14  present. (Mot., 2.) The Motion also seeks authority to send a Notice and Consent to all potential

15  opt-in plaintiffs and seeks discovery from Defendant that will enable Plaintiffs to provide such

16  Notice and Consent. (*Id.*) Plaintiffs also filed a motion for class certification under Federal Rule

17  of Civil Procedure 23. (Docket No. 23.) The Court addresses that motion in a separate order filed

18  concurrently herewith.

19         The Motion seeks conditional certification of two claims under the Fair Labor Standards

20  Act ("FLSA"): (1) failure to pay overtime and minimum wage by pressuring auditors to not report

21  all hours worked; and (2) failure to pay all wages due by unilaterally cutting billed hours or

22  pressuring field auditors to not report all time worked.

23         On February 7, 2011, Defendant filed an opposition to the Motion. (Docket No. 48.)

24  Plaintiffs filed a reply. (Docket No. 60.)

25         For the reasons set forth below, the Motion is GRANTED.

26                                    **DISCUSSION**

27         The FLSA provides employees with a private right of action to enforce the minimum wage

28  and overtime provisions of the Act. 29 U.S.C. § 216(b). Named plaintiffs may bring an action, not

1   just on their own behalf, but also for "other employees similarly situated." *Id.* Unlike under

2   Federal Rule of Civil Procedure 23, putative plaintiffs must affirmatively opt in to a Section 216(b)

3   action by filing written consent with the court. 29 U.S.C. § 216(b).

4       **A. Similarly-Situated**

5       Determining whether a suit may be maintained as a FLSA collective action is within the

6   discretion of the court. *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

7   Although the Ninth Circuit has not prescribed a test for determining whether employees are

8   "similarly situated," district courts sitting in the Ninth Circuit have consistently applied a two-step

9   approach. *See, e.g., Reed v. Cnty. of Orange,* 266 F.R.D. 446, 449 (C.D. Cal. 2010); *Lewis v.*

10  *Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). In the first step, the court

11  makes an initial determination whether to conditionally certify the class for purposes of providing

12  notice to potential members. *See Leuthold*, 224 at 467. In the second step, usually after the close

13  of discovery, the court re-evaluates certification and applies a more stringent analysis.

14      Plaintiffs bear the burden of demonstrating that members of the proposed class are similarly

15  situated. At the notice stage, however, the standard for certification is "a lenient one that typically

16  results in certification." *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010).

17  Courts require "nothing more than substantial allegations that the putative class members were

18  together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*,

19  267 F.3d 1095, 1102-03 (10th Cir. 2001); *see also Ferrell v. ConocoPhillips Pipe Line Co.,* No.

20  09-cv-00431 RRP, 2010 WL 1946896, at * 4 (C.D. Cal. May 12, 2010). "The requisite showing of

21  similarity of claims under the FLSA is considerably less stringent than the requisite showing under

22  Rule 23 of the Federal Rules of Civil Procedure. All that need be shown by the plaintiff is that

23  some identifiable factual or legal nexus binds together the various claims of the class members in a

24  way that hearing the claims together promotes judicial efficiency and comports with the broad

25  remedial policies underlying the FLSA." *Hill*, 690 F. Supp. 2d at 1009. This more lenient

26  standard is most likely in recognition that, unlike under Federal Rule of Civil Procedure 23, there

27  are no absent class members to protect. *See, e.g., Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 263

28  fn. 17 (S.D.N.Y. 1997).

1    Plaintiffs allege that they and the putative class members are similarly-situated because all
2    of them were subject to a uniform compensation structure, as well as a single, company-wide
3    policy that deprived them of minimum and overtime wages.  The purported policy was to minimize
4    the number of reported hours by cutting the number of billable hours and pressuring the auditors to
5    under-report their hours.  Defendant contends these auditors are not similarly situated because,
6    among other things,  the presentation of the company's written compensation structure to the
7    auditors varied, the circumstances under which hours were cut varied, and the reasons why hours
8    may have been underreported varied.  Defendant contends, therefore, the FLSA claims require an
9    individual analysis, specific to each auditor.  These arguments, even if true, do not negate the
10   factual nexus that binds Plaintiffs and the putative class members.  The pleadings, allegations and
11   affidavits submitted by Plaintiffs show that Defendant's alleged misconduct affected all of the
12   auditors the same way.  The circumstances that may be personal to each auditor go to the
13   individual calculation of damages, not to the similar theory of liability and recovery that binds
14   these individuals. *See, e.g., Brzychanalski v. Unesco*, Inc., 35 F. Supp. 2d 351, 353 (S.D.N.Y.
15   1999) ("Although there may be some differences in the calculation of damages [should plaintiffs
16   prevail], those differences are not sufficient to preclude joining the claims in one [FLSA] action.")
17   At this stage of the case, *i.e.*, the notice stage under FLSA, this is all that is needed.

18       The Court declines to apply step two of the FLSA certification process at this time.  Step
19   two requires the Court to apply a stricter standard, akin to the predominance standard under
20   Federal Rule of Civil Procedure 23(b)(3), to determine whether Plaintiff and the potential class
21   members are similarly situated.  Here, discovery is still on-going and proceeding with the notice
22   stage will help develop a complete factual record for the Court.  The more rigorous standard is only
23   applicable where the Court can compare the disparate factual and employment settings of the
24   individual plaintiffs and review the various defenses available to Defendant which appear to be
25   individual to each plaintiff. *Thiessen*, 267 F.3d at 1103.  Thus, the Court declines to apply the
26   stricter second-stage standard to Plaintiffs' claims at this point in the case.

27       Having applied the notice-stage standard to Plaintiffs' allegations, pleadings and affidavits,
28   the Court concludes that conditional certification of the nationwide FLSA collective action is

1  appropriate.  Accordingly, the Court GRANTS Plaintiffs' Section 216(b) Motion.

2  **B. Production of Class Member List**

3  Plaintiffs request that the Court order Defendant to produce a list of all field auditors

4  employed by Defendant within the last three years, including the following information: name, last

5  known address, telephone number, dates of employment, location of employment, employee

6  identification number, and last four digits of the employee's social security number.  Other than

7  generally opposing certification under the FLSA, Defendant does not oppose this request.  The

8  Court, however, questions the need for an employee's social security number, even if partially

9  redacted, at this time.  If an employee opts into the action, the employee can provide that

10  information directly to Plaintiffs' counsel.  With this exception, the Court finds Plaintiffs'

11  production request reasonable.  *See Lewis*, 669 F. Supp. 2d at 1124 (noting plaintiffs' counsel is

12  not entitled to every piece of information about the putative class members); *Wong v. HSBC*

13  *Mortg. Corp.*, 2008 U.S. Dist. LEXIS 21729, *25 (N.D. Cal. March 19, 2008) (approving a list

14  containing similar details about the putative class members).

15  Accordingly, within 10 calendar days of entry of this Order, Defendant is ordered to

16  produce a list of all field auditors employed by Defendant within the last three years, with the

17  following information: name, last known address, telephone number, dates of employment,

18  location of employment, and employee identification number.

19  **C. Form of Notice and Notice Procedure**

20  Upon conditional certification, potential FLSA class members are entitled to "accurate and

21  timely notice concerning the pendency of the collective action, so that they can make informed

22  decisions as to whether to participate." *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

23  Here, Plaintiffs submitted a proposed Notice of Collective Action and seek the Court's

24  approval thereof.  Defendant does not oppose the proposed form of notice.  Having reviewed the

25  proposed form that is attached as Exhibit 1 to the Nielson Declaration (Docket No. 24-3), the

26  Court finds that it is a reasonable and adequate.  The proposed form is neutral in tone, expressly

27  denies endorsement from the Court, expressly informs the employees of the potential consequences

28  of joining the lawsuit (i.e., being bound by court decisions and being asked to partake in discovery

10cv672

1  including depositions, among other things), provides contact information for Plaintiffs' counsel,

2  and allows 70 days for submitting the consent form.  Plaintiffs also request allowing class

3  members the option of submitting their consent forms electronically through an internet portal or

4  by mail, fax, or email.  This request is reasonable and is approved.

5        Plaintiffs also propose a timeline for sending notice, which the Court finds reasonable.

6  After taking into account the production of Defendant's list detailed above, the Court approves the

7  following timeline: (1) notice sent to putative class members within 20 calendar days of entry of

8  this Order; (2) a reminder postcard sent to individuals who have not returned the opt-in forms, no

9  later than 50 calendar days of entry of this Order; and (3) opt-in forms due (i.e., postmarked) no

10  later than 70 days from the date of mailing of the notice.

11  **EVIDENTIARY OBJECTIONS**

12        Both parties filed evidentiary objections to the declarations and other evidence submitted in

13  support of and in opposition to the Motion.  To the extent not inconsistent with the above, the

14  Court overrules those objections.

15  **CONCLUSION**

16        For the reasons set forth above, Plaintiffs' motion for conditional certification of a

17  collective action is **GRANTED**.

18  **IT IS SO ORDERED**.

19  Date: May ___, 2011

20  Hon. Roger T. Benitez
United States District Court Judge

-6-