UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE GRAHAM and JOYCE LAMPKIN on behalf of themselves and those similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>OVERLAND SOLUTIONS INC. and DOES 1 through 100, inclusive,<br><br>     Defendants. | Case No. 10cv672-BEN (BLM)<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR RECONSIDERATION**<br><br>[ECF No. 83] |

On May 5, 2011, the Court granted the parties joint request to toll all deadlines for 120 days so parties could attend private mediation in August 2011. ECF No. 79. On September 14, 2011, the parties filed a Joint Motion to Extend Discovery and Other Litigation Deadlines. ECF No. 80. In the motion, the parties stated that they had participated in a private mediation session on August 31, 2011 and that while the mediation was not successful, they were still attempting to settle. Id. at 3. The parties asked the Court to extend certain deadlines for ninety days "in order to avoid unnecessary fines and costs" and to "facilitate a potential resolution of the case through continuing settlement negotiations." Id.

///

///

1        On September 15, 2011, the Court denied the joint motion. ECF No. 81. The Court stated

2   that since the motion was the parties' fifth request to extend deadlines, and the parties' attempt

3   at settlement was unsuccessful, it was time for the case to proceed forward. Id. The parties now

4   move the Court to reconsider its September 15, 2011 Order. ECF No. 83. Specifically, the parties

5   state that they have provided "additional details and information concerning the parties' active

6   prosecution and defense of this case, as well as the history of previous scheduling order

7   extensions, to enable the Court to better evaluate the appropriateness of the requested

8   extension." Id. at 2

9        Having reviewed the briefing and for the reasons set forth below, the Joint Motion for

10  Reconsideration is **GRANTED IN PART**.

11                                        **LEGAL STANDARD**

12       Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever

13  any motion or any application or petition for any order or other relief has been made to any judge

14  and has been refused in whole or in part . . . ." CivLR 7.1(i)(1); see also United States v. Martin,

15  226 F.3d 1042, 1049 (9th Cir. 2000) (explaining that where reconsideration of a non-final order

16  is sought, the district court has inherent jurisdiction to modify, alter, or revoke its earlier ruling).

17  The party seeking reconsideration must show "what new or different facts and circumstances are

18  claimed to exist which did not exist, or were not shown, upon such prior application." CivLR

19  7.1(i)(1).

20                                         **DISCUSSION**

21       In the September 14, 2011 motion, the parties requested an extension of deadlines to

22  "facilitate a potential resolution of the case through continuing settlement negotiations, and in

23  order to avoid unnecessary time and costs." ECF No. 80 at 3. However, the parties provided no

24  details regarding the on-going settlement efforts or explanation as to why future settlement

25  efforts may be successful. Id. In the current motion for reconsideration, the parties provide the

26  additional relevant and necessary facts. The parties explain that they did not obtain the "full

27  potential damages calculations" until a few days before the scheduled mediation and the

28  mediation discussions revealed the need for each party to consider a significant change in

1  settlement position.  ECF No. 83 at 8-9.  Defendant is unable to consider such a change without

2  consulting with its Board of Directors and the Board does not meet until October 19, 2011.  Id.

3       In order for the Court to consider amending its prior order, the parties must set forth new

4  facts.  Civ.L.R. 7.1(i)(1).  Here, the parties fail to make such a showing.  The parties merely set

5  forth facts and arguments that were already known to them at the time they filed the September

6  14, 2011 motion, but which they simply chose not to include in the original motion.  Counsel does

7  not explain this decision nor why this information could not have been detailed in the original

8  motion.  As a result of the original deficiency, counsel and the Court have had to unnecessarily

9  duplicate their efforts and waste judicial resources.  Counsel are reminded to provide all necessary

10  and relevant facts and law in all future pleadings.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

10cv672-BEN (BLM)

Notwithstanding the parties' error, the Court will continue the dates based on the representation that Defendant's Board of Directors will consider the issue of settlement at their October 19, 2011 board meeting in New York City.  However, the Court will not extend the dates ninety days as requested.  Instead, the joint motion is **GRANTED IN PART** with the following new deadlines:

- Defendant's Production of class list: 11/16/11
- Notice sent to putative class members: 11/28/11
- Reminder postcard sent to individuals who have not returned opt-in forms: 12/28/11
- Expert disclosures: 2/6/12
- Rebuttal to expert disclosures: 3/7/12
- Non-expert discovery cut-off: 4/16/12
- Expert discovery cut-off: 4/16/12
- All other pretrial motions cut-off: 4/16/12
- Pretrial disclosures: 7/23/12
- Memoranda of Contentions of Fact & Law: 7/23/12
- Meet and Confer & L.R. 16.1(f)(4) action: 7/30/12
- Proposed Final Pretrial Conference Order: 8/13/12
- Final Pretrial Conference: 8/20/12 at 10:30 a.m.

**IT IS SO ORDERED.**

DATED:  September 27, 2011

BARBARA L. MAJOR
United States Magistrate Judge