UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE GRAHAM and JOYCE LAMPKIN on behalf of themselves and those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>OVERLAND SOLUTIONS INC. and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 10cv672-BEN (BLM)<br><br>**ORDER GRANTING JOINT MOTION TO STAY LITIGATION DEADLINES PENDING COURT APPROVAL OF SETTLEMENT**<br><br>[ECF No. 87] |

　　　　On November 14, 2011, the parties filed a joint motion to stay litigation deadlines pending court approval of class settlement. ECF No. 87. In support, the parties state that their settlement discussions have been successful and that the parties would like for the Court to stay the current litigation deadlines "to avoid the unnecessary expense of further discovery and duplicate notices, as well as for purposes of judicial economy and to avoid confusion among class members by issuing a single notice of the action and the settlement following preliminary approval." Id. at 3.

　　　　"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Murray v. City of Carlsbad, 2010 WL 4822744, *1 (S.D.Cal. Nov. 22, 2010) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 (1936)). "Where it is

proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255.

Here, the parties have filed a joint motion to stay the litigation. ECF No. 87. The lack of opposition from either party to staying the action supports a finding by this Court in favor of granting the stay. Neither party will be damaged if the stay is granted, however, both will likely suffer if they are required to go forward while finalizing the settlement and trying to obtain Court approval of the settlement.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The parties joint motion to stay the proceedings is **GRANTED**;
2. The current deadlines established in the Court's September 27, 2011 Order [ECF No. 84] are stayed until the final resolution of the soon-to-be-filed motion for preliminary approval of the settlement and later motion for final approval of the settlement.
3. In the event that the settlement is not approved, the parties must contact the Court within 10 days of the District Court's denial to reset the litigation deadlines. **IT IS SO ORDERED**.

DATED: November 15, 2011

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge